Mountain State Consultants, Inc., a corporation, has submitted this claim on the undisputed facts set forth in the Notice of Claim.
Fred L. Rippetoe had been employed as a Clerk in the Accounting Division of the Respondent, Workmen’s Compensation Fund, from 1933 to 1935, when he was named Director of the Accounting Division, and held that position without interruption until July 1, 1966. At the 1965 Regular Session of the West *214 Virginia Legislature, a Compulsory Retirement Age Act was enacted, (Chapter 5, Article 14, West Virginia Code) prohibiting the employment of persons seventy years of age or older by the State of West Virginia, or any of its Departments or Agencies, subject to certain exceptions which did not apply to Mr. Rippetoe. At the time of the passage of this Act, Mr. Rippe-toe was over seventy years of age and, therefore, could not be retained as a State employee. His retirement being forced by law, Mr. Rippetoe formed a corporation with members of his family, named it Mountain State Consultants, Inc., and offered Specialized Consultant Services in the field of Workmen’s Compensation and Employment Security to the general public, and the Workmen’s Compensation Commissioner contracted for the services of the corporation on behalf of the Department.
During his thirty-three years of service with the Workmen’s Compensation Fund, Mr. Rippetoe became an expert with respect to the actuarial soundness of the Fund, the classification of its subscribers, rate making procedures, computation of merit ratings, and many other intricate accounting features, and developed a unique ability in resolving questions relating to the administration of the Fund. Apparently no one had been trained to replace him, and he became indispensable to the proper and efficient operation of the Fund.
The Workmen’s Compensation Commissioner, alarmed at the enforced retirement of Mr. Rippetoe by the Act of the Legislature, and needing his services, sought the continued services of Mr. Rippetoe in negation of the Act by entering into a written Contract dated June 28, 1966, with the corporation he formed, Mountain State Consultants, Inc., for rendering the continued services of Mr. Rippetoe until a new Director of the Accounting Division could be trained to perform Mr. Rippetoe’s duties. The corporation was to be paid the sum of $7,200.00 in quarterly installments for the fiscal year ending June 30, 1967, and the Contract was approved and consented to by the Director of the Division of Purchases of the West Virginia Department of Finance and Administration, the Workmen’s Compensation Commissioner, and as to form by the Attorney General’s Office. At the time of Mr. Rippetoe’s retirement his annual salary was $9,600.00.
*215 Upon presentation of the first quarterly statement for services rendered, the State Auditor requested an Opinion of the Attorney General as to the validity of the claim, and was advised that the corporate entity should be disregarded and payment refused because Mr. Rippetoe was employed in violation of the provisions of the Compulsory Retirement Age Act. The Auditor refused to issue a warrant in payment of the invoice, and advised that future invoices contemplated under the Contract would not be paid. The Workmen’s Compensation Commissioner, disregarding the Attorney General’s opinion, persuaded the Mountain State Corporation to continue rendering the services until the end of the fiscal year.
All of the aforementioned facts are admitted in the Answer of the State, and the claim of Mountain State Consultants, Inc., in the amount of $7,200.00 presents an issue of law for decision by this Court.
All of the powers, duties and responsibilities of the Workmen’s Compensation Commissioner are statutory and are derived from Chapter 23 of the Official Code of West Virginia of 1931, as amended. McGeary v. State Compensation Director, 148 W. Va. 436, 135 S.E. (2d) 345. Among those powers delegated to the Commissioner are the right to employ a secretary, actuary, accountants, inspectors, examiners, experts, clerks, stenographers and other assistants, and fix their compensation. Chapter 23, Article 1, Section 6, W. Va. Code. The Compulsory Retirement Act placed limitations on this power to employ personnel for his Department. The authority of a public officer to enter into Contracts is defined by law, and by Constitutional limitation, even the Legislature may not authorize the payment of a claim created against the State under any Contract made without express authority of law. (See Art. 6, Sec. 38, W. Va. Constitution).
Although it is conceded that the employment of Mr. Rippe-toe’s corporation was for an essential service needed by the State for the efficient administration of the Department, and that the claim is meritorious, and that the State benefitted by the expert consultant services furnished by the claimant, we find no authority in the statutory law of our State authorizing the Workmen’s Compensation Commissioner to enter into a *216 Contract of this nature. Parties contracting with the State or any of its Agencies do so at their peril, and must inquire into the legal powers of the State representatives to incur liability on behalf of the State.
In addition to finding that the Contract of Employment was unlawful, because it was not within the statutory powers of the Commissioner to engage an independent consultant who was not an employee of the State, we further find that the device of using a corporate entity to shield the reemployment of Mr. Rippetoe was in violation of the Compulsory Retirement Age Act. It did by indirection what could not be done directly. The legal entity will be disregarded where it is used to cloak or cover the circumvention of a Statute. No authority need be cited that the fiction of a corporation will be disregarded by the Courts if the corporation is formed to accomplish an illegal act, and the parties will be dealt with as though no corporation was formed. The corporate fiction under the facts was merely an alter ego or a business conduit for Mr. Rippetoe to continue his services to the State despite his mandatory retirement by law.
For the foregoing reasons, this Court is of the opinion to uphold the Auditor’s refusal to issue a warrant for the payment of the claim and, therefore, no award is made.
Claim disallowed.